ABRAHHM WISE *v.* SAMUEL S. GALE.

## ABRAHAM WISE vs. SAMUEL S. GALE.

An interlocutory decree referring it to a Circuit Court Commissioner, to take an account between the parties, and directing the basis of the accounting, is final so far as it fixes such basis.

It is not error for the Commissioner to overrule an offer of testimony tending to change or modify that basis.

The Court will not recommit the Commissioner's report except for manifest error, nor investigate the proofs taken on the reference, with a view of ascertaining if it would arrive at the same, or a different conclusion from the Commissioner.

Being free from error, the Commissioner's report is to be treated as a special verdict or finding by the Court.

Overruling the exceptions is equivalent to a confirmation of the report.

Interlocutory decree controls the basis of the report and the final decree, and, upon review, is to be treated, so far as a part of the final decree.

Notice for further directions is necessary to obtaining final decree.

*Macomb Circuit, in Chancery, March* 1870.

*R. P. & J. B. Eldridge*, Complainant's Solicitors.

*Hubbard & Crocker*, Defendant's Solicitors.

Exceptions to Commissioner's report.

This case was originally heard before Judge Green, in 1867, upon pleadings and proofs, and a decree made by which it was referred to a Commissioner to take a mutual account between the parties who were co-partners, and directing the basis upon which the accounts should be taken, and especially how much; and the value of defendant's services over one half (if any) of the whole time. And to report and direct the manner of payment of any balance found due either party.

The Commissioner proceeded to hear the parties upon interrogatories and to take proofs, and reported the value of defendant's services over one half his time at $250, and following the basis fixed by the interlocutory decree, reported an amount due the complainant and directed its payment in ten days after confirmation.

At the hearing before the Commissioner, defendant offered proofs tending to show that the amount of capital stock and the amount invoiced at dissolution, were different from the amounts fixed as the basis of the accounting by the preliminary decree which proof was rejected by the Commissioner.

THE PEOPLE v. CHARLES E. CANTINE.

Both parties excepted to the report, and the case came on to be heard on the exceptions.

*By the Court,* MITCHELL, J.—The interlocutory decree was final, so far as it fixed the basis upon which the accounting was directed, and the Commissioner properly overruled all testimony tending to change or vary that basis.

The Court will not change or send back the report for recomputation, unless errors are clearly pointed out; nor go through the proofs to see if the Court would arrive at the same or a different conclusion from the Commissioner, it appearing that there was proof sufficient to sustain his report. Unless clear errors are shown, the Commissioner's report must be treated as a special verdict or finding by the Court.

All the exceptions are overruled, and the overruling of exceptions is equivalent to and a confirmation of the report.

In order to obtaining a final decree it was necessary that a notice should be given for further directions.

The interlocutory decree is so far final as to control the basis of the report and final decree, and for the purposes of review must be held and treated as part of the final decree.

Notice for further directions required.